**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MARGARITA DURON** | **CIVIL ACTION** |
| **versus** | **No. 06-6417** |
| **ALBERTSON'S, LLC** | **SECTION: "I"/3** |

<u>ORDER AND REASONS</u>

Before the Court is defendant's motion to dismiss the complaint, or in the alternative, for summary judgment. For the reasons set forth below, defendant Albertson's, LLC's ("Albertson's") motion for summary judgment against plaintiff Margarita Duron is **GRANTED.**

*Background*

This case arises out of defendant's alleged discrimination against plaintiff on the basis of her national origin. On September 25, 2006, plaintiff filed her complaint in this Court.[1] On December 18, 2006, defendant filed its motion to dismiss the complaint pursuant to Rule 12(b)(6), or, in the alternative, for summary judgment pursuant to Rule 56.[2] Defendant asserts that

---

[1]Rec. Doc. No. 1.

[2]Rec. Doc. No. 7.

plaintiff's complaint must be dismissed as time-barred because plaintiff failed to file this action within ninety days of receipt of the notice of right to sue letter from the EEOC.[3]  Plaintiff argues that she did not receive her notice of right to sue letter until August 24, 2006 and, therefore, her lawsuit has been timely filed.[4]  In the alternative, she asserts that equitable tolling is warranted.

### *Relevant Facts*

On January 20, 1998, Albertson's hired plaintiff as a receiver.   On August 1, 2002, plaintiff filed her first discrimination charge against defendant with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination on the basis of her national origin.[5]  Plaintiff was later terminated from her position on February 21, 2004.[6]  While defendant states that plaintiff was fired for insubordination, plaintiff argues that she was fired due to retaliation for filing the earlier charge and that she was discriminated against because of her national origin.[7]  On March 25, 2004, plaintiff filed her second discrimination charge with the EEOC, which encompassed the retaliation and national

---

[3]Rec. Doc. No. 7-2, p. 2.

[4]Rec. Doc. No. 10-1, p. 3.

[5]Rec. Doc. No. 7-7, p. 1.

[6]Rec. Doc. No. 1, p. 3; Rec. Doc. 7-7, p. 1.

[7]Rec. Doc. No. 1, p. 3.

origin discrimination charge.[8]

The Louisiana Commission on Human Rights ("LCHR") reviewed plaintiff's charge and, unable to find a violation of the statutes it enforces, dismissed plaintiff's charge on September 24, 2004.[9] The EEOC also issued a Dismissal and Notice of Rights, stating that the EEOC had adopted the findings of the LCHR.  The notice form was signed and listed the "Date Mailed" as October 4, 2004.[10]  The form was addressed from the EEOC's New Orleans District Office in New Orleans, Louisiana, and to Margarita Duron in Metairie, Louisiana.[11] There is no indication on the form that a copy was mailed to Duron's attorney.

Plaintiff denies receipt of this notice.  She asserts in a sworn affidavit that she never saw the right to sue letter until August 24, 2006, and only then because it was sent to her attorney in response to repeated inquiries to the EEOC.[12]  She states that, prior to Hurricane Katrina and in the first half of 2006, she and her attorney made several calls to the EEOC to inquire as to the

---

[8]Rec. Doc. No. 1, p. 3.

[9]Rec. Doc. No. 7-3, p. 1.

[10]Rec. Doc. No. 7-4, p. 1.  Plaintiff also notes that she requested that the EEOC conduct a substantial weight review of the EEOC decision on September 30, 2004.  Rec. Doc. No. 10-1, p. 5.  She argues that it is impossible that the EEOC conducted the substantial weight review by October 4, 2004, the date on which the EEOC issued the right to sue letter.  *Id.*

[11]Rec. Doc. No. 7-4, p. 1.  The form also indicates that a courtesy copy was sent to Albertson's in Fort Worth, Texas.  *Id.*

[12]Rec. Doc. No. 10-2, p. 3.

status of her case, but those calls were not returned.  Finally, on July 18, 2006, her attorney wrote a letter to Keith Hill, the EEOC's regional attorney, with no response.  Her attorney then hand delivered a copy of the letter to Hill's office on August 14, 2006, and then emailed Hill.  On August 24, 2006, plaintiff's attorney received a copy of the EEOC right to sue letter dated October 4, 2004.[13]  Plaintiff asserts that this was "the first time I or my attorney had ever seen this right to sue letter."[14]

### *Law and Analysis*

## I. Rule 56 Standard

As the Court will consider evidence outside the pleadings in deciding this issue, the summary judgment standard is applicable. *See, e.g.*, *Triplett v. Heckler*, 767 F.2d 210, 212 (5th Cir. 1985). Summary judgment is proper when, after reviewing the "pleadings, depositions, answers to interrogatories . . . [and] affidavits," the court determines that there is no issue of material fact.  Fed. R. Civ. P. 56(c).  The party seeking summary judgment always bears the initial responsibility for informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 266 (1986).  The party seeking summary

---

[13]Rec. Doc. No. 10-2, p. 3.

[14]Rec. Doc. No. 10-2, p. 2.

judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case.[15]  *Id.; Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986) (internal quotation omitted).

Once the party seeking the summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). The showing of a genuine issue is not satisfied by creating some metaphysical doubt as to the material facts by conclusory allegations, unsubstantiated assertions, or by only a scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted).  Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).  The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue.  *Id.*  The non-moving party's evidence, however, "is to be believed, and all justifiable

---

[15]Hearsay statements are not competent summary judgment evidence.  *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*,  245 F.3d 507, 510 n.5 (5th Cir. 2001) (citing *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995)).

inferences are to be drawn in [that party's] favor." *Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S. Ct. 1545, 1551-52, 143 L. Ed. 2d 731 (1999) (internal quotation and citation omitted) (alternation in original).

## II. Analysis

## A. Statute of Limitations

Section 2000e-5(f)(1) of Title VII requires a claimant to file a civil action no more than 90 days after she receives statutory notice of her right to sue from the EEOC.  42 U.S.C. § 2000e-5(f)(1).  In *Taylor v. Books A Million, Inc.*, the Fifth Circuit explained:

> Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court.  Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996).  Title VII provides that claimants have ninety days to file a civil action after *receipt* of such a notice from the EEOC. *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir. 1982) (citing 42 U.S.C. § 2000e-5(f)(1) (1994)).  This requirement to file a lawsuit within the ninety-day limitation period is strictly construed. *See Ringgold v. National Maintenance Corp.,* 796 F.2d 769, 770 (5th Cir. 1986); *Espinoza v. Missouri Pacific R.R. Co.*, 754 F.2d 1247, 1251 (5th Cir. 1985).  Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired. *See, e.g., Butler v. Orleans Parish School Board*, No. Civ. A. 00-0845, 2001 WL 1135616 (E.D. La. Sept. 25, 2001) (dismissing Title VII claims where *pro se* plaintiff filed her complaint one day beyond the ninety-day period because she and her husband were prevented from filing on the 90th day, as planned, by family illnesses).  Although filing of an EEOC charge is not a jurisdictional prerequisite, it "is a

precondition to filing suit in district court." *Dao,* 96
F.3d at 789.

*Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002).

Central to the dispute in this case, the Fifth Circuit
recognizes a presumption of receipt when the date of receipt of a
plaintiff's right to sue letter is unknown or disputed. *Id.* at
379-80.  In *Taylor*, the court did not explicitly decide the number
of days to allow for receipt of the mailing, *i.e.*, three, five or
seven, when it endorsed the presumption of receipt doctrine. *Id.*[16]
However, the Fifth Circuit has since applied a three-day
presumption of receipt. *See Martin v. Alamo Cmty. Coll. Dist.*, 353
F.3d 409, 411 (5th Cir. 2003).

Since plaintiff disputes having received the right to sue
letter, the Court applies the presumption of receipt doctrine
pursuant to *Taylor*.  The question before the Court is, therefore,
whether plaintiff has produced sufficient evidence to rebut this
presumption of receipt.  This Court is mindful of the Supreme
Court's admonition regarding the 90 day filing requirement:
"Procedural requirements established by Congress for gaining access
to the federal courts are not to be disregarded by courts out of a
vague sympathy for particular litigants." *Baldwin County Welcome*

---

[16] In *Taylor*, the Fifth Circuit found that plaintiff's claims would be
untimely even if it applied the seven day standard, which is the maximum number
of days courts have allowed.  296 F.3d at 379-80.  The *Taylor* court recognized
that the presumption of receipt could be three days after mailing based on Rule
6(e) of the Federal Rules of Civil Procedure, but it also recognized a decision
applying  a five-day delay as opposed to the maximum seven-day delay. *Id.*

*Center v. Brown*, 466 U.S. 147, 152, 104 S. Ct. 1723, 1726, 80 L.
Ed. 2d 196 (1984) (per curiam).

     If this Court were to find the presumption of receipt rebutted
by plaintiff's self-serving declaration that she never received the
notice which the EEOC states it mailed, the procedural requirements
established by Congress would too easily be rendered devoid of
meaning.  Establishing such a low bar for rebutting the presumption
would create an unacceptable invitation for fraud, abuse, and plain
neglect by plaintiffs.  Rather, such abuses can be prevented and
injustice to plaintiffs still avoided through the established
doctrine of equitable tolling.[17]  A plaintiff disputing receipt of
her EEOC notice "should not 'enjoy a manipulable open-ended time
extension   which   could   render   the   statutory   limitation
meaningless.'"  *Espinoza v. Missouri Pacific R. Co.*, 754 F.2d 1247,
1250 n.3 (5th Cir. 1985) (quoting *Bell v. Eagle Motor Lines, Inc.*,
693 F.2d 1086, 1087 (11th Cir. 1982)).

     The Court finds, as a matter of law, that plaintiff's evidence

---

     [17]The Court has throughly searched Fifth Circuit caselaw for guidance and
has identified only one district court case on point.  In *Taylor v. County
Bancshares, Inc.*, like in the present case, the plaintiff submitted an affidavit
to the Court stating that she never received her EEOC right to sue letter.  325
F. Supp. 2d 755, 765 (E.D. Tex. 2004).  However, the plaintiff also produced
independent corroborating evidence: a computer-generated document provided to her
by the Postal Service reflecting that there was no record of the letter, her
attorney's sworn statement that he never received the letter, and a certified
mail receipt which contained "no postmark or any other information" indicating
that the letter was mailed.  *Id.*  The Court held, "[I]n light of the evidence
Taylor has adduced to rebut the presumption of receipt, a fact issue exists as
to if and when Taylor received the right-to-sue letter" and therefore summary
judgment was inappropriate.  *Id.*  Plaintiff in this case has produced no
independent corroborating evidence and the Court, therefore, finds *County
Bancshares* distinguishable.

is insufficient to rebut the presumption of receipt of her right to sue letter.  As the right to sue letter was mailed on October 4, 2004, plaintiff's complaint, filed on September 25, 2006, is untimely even applying the most generous seven day presumption of receipt.

## B. Equitable Tolling

Plaintiff asserts that equitable tolling applies to this case. The claimant bears the burden of justifying equitable tolling. *Hood v. Sears Roebuck and Co.*, 168 F.3d 231, 232 (5th Cir. 1999). In *Espinoza*, the Fifth Circuit discussed how this burden may be met:

> The Supreme Court in *Baldwin County Welcome Center*, 104 S.Ct. at 1725-26, listed some of the circumstances in which equitable tolling of the ninety-day period might be justified: (1) where notice from the EEOC does not adequately inform plaintiff of the requirement that suit be commenced within the statutory period; (2) where a motion for appointment of counsel is pending; (3) where the court itself has led plaintiff to believe that she has satisfied all statutory prerequisites to suit; and (4) where the defendant has, through affirmative misconduct, lulled the plaintiff into inaction.

*Espinoza*, 754 F.2d at 1251.

"Equitable tolling of a statute of limitations is to be applied sparingly by federal courts, and courts have been generally unforgiving when a late filing is due to claimant's failure to exercise due diligence in preserving his or her legal rights." *Lee v. Henderson*, 75 F. Supp. 2d 591, 594 (E.D. Tex. 1999) (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.

Ct. 453, 458-59, 112 L. Ed. 2d 435 (1990); *Rowe v. Sullivan*, 967 F.2d 186, 192 (5th Cir. 1992)).  The Supreme Court instructs that "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."  *Baldwin County*, 466 U.S. at 151, 104 S. Ct. at 1726.

Plaintiff asserts that she is entitled to equitable tolling because the EEOC failed to provide adequate notice of her right to sue in that neither she nor her attorney received the notice from the EEOC.[18]  Plaintiff cites to *dicta* in a Fifth Circuit opinion involving SSI benefits in which the Court states that equitable tolling "might be appropriate  ... where the plaintiff was prejudiced by the lack of (or untimely) notice to his attorney ....  [or] if the Secretary violated his own regulations by failing to timely send notice to the attorney, at least if sufficient resultant prejudice were shown."  *Flores v. Sullivan*, 945 F.2d 109, 113 n.5 (5th Cir. 1991).

The Court is unpersuaded by plaintiff's argument and the distinguishable commentary in *Flores*.  While plaintiff asserts that EEOC policy is to copy attorneys on correspondence to their clients, plaintiff has not provided any specific EEOC regulation or policy supporting such argument.[19]

The remaining question is whether plaintiff has acted

---

[18]Rec. Doc. No. 10, pp. 4-5.

[19]Rec. Doc. No. 10, p. 5.

diligently in preserving her rights such as to be entitled to equitable tolling despite the presumption of receipt of notice. Though plaintiff has the burden to justify tolling, including demonstrating the necessary factual basis, *see Ramirez v. City of San Antonio*, 312 F.3d 178, 184-85 (5th Cir. 2002), she recounts only a vague and self-serving outline of these efforts. Plaintiff makes a blanket and undocumented assertion that she and her attorney placed "several" pre-Katrina phone calls to the EEOC that were not returned.[20]   Then, during the first half of 2006, she alleges that she and her attorney placed "many" unreturned phone calls.[21]   However, she has failed to provide any records of such calls or written recordation of the dates and details of such calls.   Additionally, some of the information contained in plaintiff's affidavit and exhibits is inadmissible in evidence and cannot be considered by this Court in connection with this decision.[22]

---

[20]Rec. Doc. No. 10-1, p. 2 ¶9.

[21]Rec. Doc. No. 10-1, p. 2 ¶11.  Plaintiff suggests that the post-Katrina state of the New Orleans EEOC office limited her ability to diligently pursue her case.  Rec. Doc. No. 10-1, p. 2 ¶10.  However, the Court notes that the national office was fully functional.   Plaintiff's request for an EEOC review also was made almost a year prior to Hurricane Katrina, yet plaintiff has no documented proof or even detailed allegations of her efforts in that lengthy pre-Katrina period.

[22]For instance, plaintiff's assertions in her affidavit as to certain actions taken by her attorney are hearsay and plaintiff has not shown that these statements come within an exception to the hearsay rule; "thus, they do not constitute competent summary judgment evidence." *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 746 (S.D. Tex. 2003) (citing *Rock v. Huffco Gas & Oil Co.*, 922 F.2d 272, 280, 283 (5th Cir. 1991)).

Plaintiff's first written attempt to determine the outcome of her charge was July 18, 2006,[23] well over two years after the March 25, 2004, filing of her complaint with the EEOC.[24]  Notably, this is also the first effort she can verify.  Though plaintiff demonstrates a measure of diligence thereafter, this two-year delayed effort is too little too late.  Limitations periods are designed to protect against "'lost evidence, fading memories, and disappearing witnesses'" that such a lengthy delay would entail. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 367 (5th Cir. 2003) (quoting *Albertson v. T.J. Stevenson & Co.*, 749 F.2d 223, 232 (5th Cir. 1984)).

For the above and foregoing reasons,

**IT IS ORDERED** that defendant's motion for summary judgment[25] is **GRANTED**.

New Orleans, Louisiana, February __22nd__, 2007.

 

 

 

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[23]Rec. Doc. No. 10-2, p.9.

[24]Rec. Doc. No. 1, p. 3.

[25]Rec. Doc. No. 7.